UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE LYNNE GUMMESON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-01611 CKD<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born July 7, 1954, applied on June 25, 2012 for disability insurance benefits and widow insurance benefits, alleging disability beginning July 15, 2010. Administrative Transcript ("AT") 12, 261. 275. Plaintiff alleged she was unable to work due to joint issues, hip and spine deterioration, digestive problems, pain, depression and osteopenia. AT 99. In a decision dated

1

February 3, 2015, the ALJ determined that plaintiff was not disabled.[1] AT 12-28. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits.
>
> 3. The prescribed period ended on April 30, 2009.
>
> 4. The claimant has not engaged in substantial gainful activity since July 15, 2010, the alleged onset date.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

5. The claimant has the following severe impairments: obesity, degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral hips, hypertension, and lower extremity edema.

6. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

7. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, except that the claimant could lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant could push and pull 20 pounds occasionally and 10 pounds frequently. The claimant could never climb ladders, ropes, or scaffolds. The claimant could balance, crouch, crawl, kneel, stoop, bend, and climb ramps and stairs frequently.

8. The claimant is capable of performing past relevant work as an office helper, receptionist, and a senior claims adjuster. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

9. The claimant has not been under a disability, as defined in the Social Security Act, from July 15, 2010, through the date of this decision.

AT 14-28.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) The ALJ erred in finding plaintiff's receptionist job was past relevant work; (2) the ALJ erred in evaluating RFC because he failed to consider her need to use a hand-held assistive device; and (3) the ALJ improperly rejected the opinion of Dr. Mehlton.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is

responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Past Relevant Work

The ALJ found that plaintiff had past relevant work as an office helper, receptionist, and senior claims adjuster. AT 27. He found that she performed these jobs within the past 15 years at "substantial gainful activity levels long enough to learn the required job skills." AT 27. In support, the ALJ cited plaintiff's hearing testimony, in which she stated that she was sixty years old, had worked as a senior claims adjuster for ten years at Health Net in Rancho Cordova, and currently worked at a public television station for 12 to 18 hours a week, a position found through the program Experience Works for people over age 55. AT 37, 40-44. At step four, the ALJ concluded that, given her RFC, plaintiff remained capable of performing three types of past relevant work – office helper, senior claims adjuster, and receptionist – "as it is actually and normally performed in the national economy." AT 27.

Plaintiff bears the burden of showing she does not have the residual functional capacity to engage in "past relevant work." 20 C.F.R. §§ 416.960, 416.965. A job qualifies as past relevant work only if it involved substantial gainful activity. Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir.

4

2001).  "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity.  Monthly earnings averaging less than $300 generally show that a claimant has not engaged in substantial gainful activity. . . .  With the presumption, the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity."  Id.  Where a claimant's average monthly earnings fall between $300 and $500, then the Commissioner must consider other factors listed in the regulations.  20 C.F.R. § 416.974(b)(6).

Plaintiff contends that the ALJ erred in finding that she could perform her past relevant work as a receptionist.  She argues that her receptionist job at a TV station cannot be considered past relevant work, as it was performed under "special conditions."  See 20 C.F.R. 404.1573(c) ("If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity.").  Plaintiff cites her pre-hearing memorandum, which explains that the job consisted of "a variety of very simple clerical tasks, without any expectations as to pace or completion."  AT 347.  "They make all sorts of accommodations, including extra breaks at–will, allowing her to just sit and rest many times each day."  AT 347.

In addition, plaintiff argues that her earnings as a receptionist did not meet the level of substantial gainful activity.  Defendant concedes that the ALJ found that plaintiff's earnings as a receptionist did not meet the level of substantial gainful activity.  ECF No. 19 at 12; AT 15.  Thus, the ALJ erred in finding plaintiff's receptionist job to be past relevant work.  The remaining issue is whether plaintiff's past jobs as senior claims adjuster and office helper qualified as past relevant work.  See Sanchez v. Secretary of HHS, 812 F.2d 509, 511 (9th Cir. 1987) (plaintiff not disabled if he or she can perform past work as performed in national economy).

B.  Residual Functional Capacity

Plaintiff next argues that the ALJ erroneously "excluded plaintiff's need for a cane from his RFC finding and concomitant hypotheticals to the vocational expert."  ECF No. 14 at 9.  Plaintiff argues that the evidence establishes that plaintiff requires the use of a cane when ambulating due to her poor balance.  As set forth above, the RFC deemed plaintiff able to perform light work with certain limitations.  The RFC included a finding that plaintiff could balance

| | |
|---|---|
| 1 | frequently.  AT 17. |
| 2 | Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for |
| 3 | assessing residual functional capacity.  SSR 96-8p.  Residual functional capacity is what a person |
| 4 | "can still do despite [the individual's] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); |
| 5 | see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity |
| 6 | reflects current "physical and mental capabilities").  RFC is assessed based on the relevant |
| 7 | evidence in the case record, including the medical history, medical source statements, and |
| 8 | subjective descriptions and observations made by the claimant, family, neighbors, friends, or |
| 9 | other persons.  20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3).  When assessing RFC, the ALJ must |
| 10 | consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of |
| 11 | work[.]"  20 C.F.R. §§ 404.1545(a)(4). |
| 12 | Plaintiff cites a 2012 treatment note in which she reported "frequent falls" and was |
| 13 | prescribed an adjustable cane by Dr. William Heyerman.  AT 457.  Plaintiff also cites a 2012 |
| 14 | consultative examination by neurologist Dr. David Hoenig, who reported that plaintiff "uses a |
| 15 | cane [which] was prescribed.  She uses it for walking.  Without the cane, she is more unstable." |
| 16 | AT 530.  A 2014 progress report from her physical therapist found her to be at "moderate fall risk |
| 17 | in the community" and noted that she used support to stand.  AT 631-632.  At the July 2014 |
| 18 | hearing, plaintiff testified that she used a prescribed cane, had balance problems, and had fallen |
| 19 | several times.  AT 54-55. |
| 20 | Plaintiff argues that the ALJ's lack of any finding concerning plaintiff's need for a cane |
| 21 | was error.  Such error was not harmless, plaintiff argues, because her ability to perform the |
| 22 | "light" jobs she did in the past – office helper and claims adjustor – "would be significantly |
| 23 | impacted by plaintiff's medically necessary cane." ECF No. 14 at 11; see AT 71-72.  Whereas |
| 24 | sedentary work "occasionally" requires walking and standing, a job constitutes light work "when |
| 25 | it requires a good deal of walking or standing – the primary difference between sedentary and |
| 26 | most light jobs."  SSR 83-10.  Plaintiff also contends that, as many light jobs require a person to |
| 27 | stand in one location and use their arms and hands "to grasp and to hold and turn objects" (SSR |
| 28 | 83-10), the need to hold a cane in one hand could interfere with the ability to do such work.  ECF |

No. 14 at 11-12.

Defendant argues that, despite evidence of plaintiff's prescribed use of a cane, the ALJ reasonably found that she had not proven that the need for an assistive device should be included in her RFC. Reviewing the objective evidence in his RFC analysis, the ALJ noted that plaintiff was obese and had hip arthroplasty in both hips, degenerative disc disease and vertebrae displacement in the lumbar spine, and swelling in the lower extremities. AT 19-23. The ALJ considered 2010 progress notes stating that, two months after her double hip arthroplasty, she was doing very well and ambulating nicely. AT 20, 378. "In 2011, follow up treatment showed the claimant continued to do very well following her total hip arthroplasty" and had "excellent" alignment in her hips. AT 20, 377. In 2012, Dr. Hoenig found that plaintiff

> sat comfortably throughout the examination. She is able to get off and on the table without assistance. The claimant has poor tandem gait. . . . She uses a cane. The claimant has normal cervical, lumbar, and hip range of motion. . . . The claimant had normal bulk, tone, and 5/5 strength in the bilateral upper and lower extremities. . . . Functionally, Dr. Hoenig assessed the claimant [could] stand and walk for up to four hours secondary to reduced range of motion of her hips. . . . <u>The claimant requires a medically necessary cane for all distances.</u>

AT 21, 530-532 (emphasis added). While the ALJ gave Dr. Hoenig's opinion "significant weight" (AT 26), he did not address the finding that plaintiff required a cane for all distances.

The ALJ also considered a 2013 report by state agency reviewing physician Dr. Charles Combs, who found that plaintiff could stand for approximately four hours. AT 21, 181-183. Dr. Combs also found that plaintiff could crouch, crawl, kneel, stoop, bend, and climb ramps and stairs "occasionally."[2] AT 182. Dr. Combs found that plaintiff had postural limitations due to "arthritis in hips, back and unsteady gait." AT 182. He noted that "a medically-required hand-held assistive device is necessary for ambulation," that plaintiff had a "SPC for prolonged ambulation and uneven terrain," "currently has abn[ormal] gait," and concluded that plaintiff was "restricted to sedentary RFC with limitations as above." AT 182-183.

---

[2] The ALJ acknowledged Dr. Comb's assessment in the RFC analysis, giving his opinions "great weight" (AT 21, 23), but ultimately found that plaintiff could "balance, crouch, crawl, kneel, stoop, bend, and climb ramps and stairs <u>frequently</u>." AT 17 (emphasis added).

7

The ALJ also noted 2013 treatment records from Nurse Roberta Samples documenting plaintiff's report that she was losing sensation in both feet and "falls frequently." AT 21, 665. He noted December 2014 medical records "show[ing] the claimant reported she had fallen three times in the last month. She reported her right leg gave out." AT 22, 733.

In the hypothetical posed to the vocational expert (VE), the ALJ posited that "the person has a light RFC. . . . Never ladders, ropes and scaffolds. All the posturals are frequent." AT 72. The VE concluded that such a person could perform the office helper and claims adjuster jobs, both classified as light work. AT 71-72. In another hypothetical, the ALJ asked about a claimant with a sedentary RFC where "all of the posturals are occasional." AT 74. In that case, the VE testified, the claimant could still work as a receptionist. AT 74-75. However, as set forth above, plaintiff's receptionist job did not qualify as past relevant work.

Based on this record, the court concludes that the ALJ erred by failing to address medical evidence concerning plaintiff's need for a cane in the RFC. More generally, the finding that plaintiff could "frequently" balance (with no mention of an assistive device) is not supported by substantial evidence in the record. In light of reversible error with respect to the physical RFC assessment, the court need not reach plaintiff's additional argument. Thus plaintiff is entitled to summary judgment on this claim.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court will grant plaintiff's request that this matter be remanded for further administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with this order; and
5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: September 15, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / gummeson1611.ss.ckd